UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

AVENTURA TECHNOLOGIES, INC.,

              Plaintiff,

-against-

CONVERGINT TECHNOLOGIES LLC,

              Defendant

-------------------------------------------------------------------

NO. 1:22-cv-04241

**CIVIL ACTION**

### NOTICE OF REMOVAL OF DEFENDANT CONVERGINT TECHNOLOGIES LLC

TO:    THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that **Defendant Convergint Technologies LLC ("Convergint")**, under 28 U.S.C. §§ 1332, 1441, and 1446, by and through its undersigned counsel, hereby removes the action entitled *Aventura Technologies, Inc. v. Convergint Technologies LLC*, et al., filed in the Supreme Court of the State of New York, County of Nassau and bearing Index No. 606330/2022, to the United States District Court for the Eastern District of New York. As required by 28 U.S.C. § 1446(a), Convergint sets forth below a short and plain statement of the grounds for removal.

### INTRODUCTION

1.    Plaintiff Aventura Technologies, Inc. ("Aventura") commenced this action on or about May 12, 2022, by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Nassau. A true and accurate copy of the Complaint filed in state court is attached hereto as **Exhibit A**.

1

2. In its Summons and Complaint, Plaintiff seeks money damages, stemming from the alleged sale and delivery of camera system equipment and software. Plaintiff claims that Convergint failed to make payment for this equipment and has asserted claims to recover the allegedly owed balance of $1,061,879.18. (*See* Ex. A, Complaint, ¶ 5-8). Convergint wholly denies Plaintiff's allegations.

3. Convergint is the only defendant named in Plaintiff's Complaint. (*See* Ex. A, Complaint).

## GROUNDS FOR REMOVAL

4. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). On information and belief, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Moreover, this action may be removed under 28 U.S.C. § 1441(b)(2) because, no defendant properly joined in this action is a citizen of the State of New York. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F3d 699, 707 (2d Cir. 2019).

**I.     There is Complete Diversity of Citizenship Between the Parties**

5. Upon information and belief, at the time Plaintiff commenced this civil action, and at all times since, Plaintiff was and is a corporation formed under the laws of the State of Delaware with its principal place of business in New York. (*See* **Ex. A**, Complaint ¶¶ 1; 4).

6. At the time Plaintiff commenced this civil action, and at all times since, Defendant Convergint was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located within the State of Illinois,

and therefore, Convergint is a citizen of either the State of Delaware or the State of Illinois for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1); (*See* **Ex. B**, Illinois Secretary of State Corporation Search, LLC File Detail Report)[1].

7. Accordingly, because Plaintiff is a citizen of the State of New York and Convergint, the only named, joined, and served defendant in this action is a citizen of the State of Delaware and/or Illinois, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1).

## II. The Amount-In-Controversy Requirement is Satisfied

8. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

9. A removing defendant need only show "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 2004)).

10. In determining the amount in controversy, a district court should first review the plaintiff's allegations. *Samuels v. Elrac, Inc.*, 2006 U.S. Dist. LEXIS 72641 at *3 (E.D.N.Y. Oct. 5, 2006) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)).

---

[1] Accessed from State of Illinois Secretary of State Website at https://apps.ilsos.gov/corporatellc/CorporateLlcController, last accessed July 6, 2022.

Here, Plaintiff's Complaint states that it seeks monetary damages in the amount of $1,061,879.18.  (*See* Ex. A, Complaint at ¶¶ 5-8).  Based upon the face of the pleadings, the amount in controversy exceeds $75,000.

### III.     Convergint Has Satisfied All Removal Requirements

11.     In addition to satisfying the requirements of diversity jurisdiction, Convergint has satisfied all other requirements for removal.

12.     Removal is timely because less than 30 days have passed since Convergint first received a copy of Plaintiff's Summons and Complaint on June 27, 2022.  Although Plaintiff attempted to serve Convergint via the New York Secretary of State on May 17, 2022, Convergint never received notice of such service or a copy of the Summons or Complaint.  Convergint first received notice of Plaintiff's claim, and a copy of Plaintiff's Summons and Complaint on June 27, 2022, when its registered agent, Corporation Service Company forwarded a copy of the Summons and Complaint to Convergint on June 27, 2022.  *See* 28 U.S.C. § 1446(b); *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 247 (S.D.N.Y. 2003) ("Where service is made on a statutory agent such as the Secretary of State, a defendant's time to remove runs, not from the date of service on the statutory agent, but from the date on which the defendant receives the notice that such service has been made."); **Ex. C**, Affidavit of Joanna Cornwell, dated July 15, 2022, explaining that Convergint's registered agent received Plaintiff's Summons and Complaint on June 21, 2022 and that Convergint first received the Summons and Complaint on June 27, 2022.

13.     Plaintiff's Summons and Complaint provide a sufficient basis for removal of this action because it is clear from the face of that document that the requirements of 28 U.S.C. § 1332(a) are satisfied. *See generally Christian, Klein & Cogburn v. NASD*, 970 F. Supp. 276, 278

4

(S.D.N.Y. 1997) ("an initial document, by whatever name, which contains enough information to allow defendant to intelligently ascertain removability qualifies as an initial pleading" for purposes of 28 U.S.C. § 1446(b)) (internal quotations omitted)).

14. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto collectively as **Exhibit A**.

15. In accordance with 28 U.S.C. § 1446(d), Convergint will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Removal to Federal Court with the Clerk of the Supreme Court of the State of New York, County of Nassau, where this action currently is pending.

16. Based upon the allegations in Plaintiff's Summons and Complaint, the proper venue for removal of this action under 28 U.S.C. § 112(b) is the United States District Court for the Eastern District of New York because this District embraces the Supreme Court of the State of New York, County of Nassau, the forum in which the removed action was pending.

17. Should any question arise as to the propriety of the removal of this action, the Removing Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position.

18. No admission of fact, law, or liability, is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved by Convergint.

WHEREFORE, Convergint gives notice that this matter in the Supreme Court of the State of New York, County of Nassau, bearing Index No. 606330/2022, is hereby removed to the United States District Court for the Eastern District of New York, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated:   July 19, 2022
         New York, New York

                                         **HAWKINS PARNELL & YOUNG, LLP**

                            By: /s/ *David E. Freed*
                                 David E. Freed
                                 275 Madison Avenue, 10th Floor
                                 New York, NY 10016
                                 P: 212.897.9655
                                 F: 646.589.8700
                                 dfreed@hpylaw.com

                                 *Attorneys for Defendant CONVERGINT TECHNOLOGIES LLC*