# GENE ROSEN'S LAW FIRM
A PROFESSIONAL CORPORATION

| | |
|---|---|
| 200 Garden City Plaza, Suite 405 | Gene W. Rosen, Esq. |
| Garden City, New York 11530 | Partner |
| Tel (212) 529-3600 | Admitted in NY, NJ, and CT |
| Fax (347) 578-8793 | Direct Phone Ext. 101 |
| www.GeneRosen.com | Gene@GeneRosen.com |

August 19, 2022

**BY ELECTRONIC FILING ON CM-ECF**
Hon. Brian M. Cogan
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Aventura Technologies, Inc. v. Convergint Technologies LLC
        Case No. 2:22-cv-04241-BMC

Dear Judge Cogan:

    I represent the plaintiff in this case. The case was originally filed on May 12, 2022 in the Supreme Court of New York, Nassau County. On July 19, 2022, the defendant filed a notice of removal. During a conference on August 19, 2022, the Court stated that the notice of removal was defective because it did not identify the individual members of the defendant LLC and the citizenship of each member. The Court directed that by August 19, 2022, the defendant file an amended notice of removal and that the plaintiff inform the Court whether it intends to consent to arbitration.

    The defendant filed its amended notice of removal today (ECF Doc. No. 11). Paragraph 7 of the amended notice of removal identifies the plaintiff as a Delaware corporation with its principal office in New York. Paragraph 8 of the amended notice of removal identifies the defendant as an LLC for which the sole member is DG Investment Intermediate Holdings 2, Inc. ("DG"). Paragraph 9 of the amended notice of removal identifies DG as a Delaware corporation with its principal office in Illinois. 28 USC 1332(c)(1) states in relevant part that "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated". *See also Bartlett v. Honeywell Int'l, Inc.*, 737 Fed. Appx. 543, 547 (2nd Cir., 2018). Accordingly, for the purposes of diversity jurisdiction, the plaintiff is a citizen of Delaware and New York and the defendant is a citizen of Delaware and Illinois. Since the plaintiff and the defendant lack complete diversity of citizenship, the requirements for diversity jurisdiction in this case are not satisfied and this Court lacks jurisdiction over this matter. Although paragraph 10 of the amended notice of removal states that DG "is a citizen of *either* Delaware or Illinois" (emphasis added) no authority is offered in support of this position and it contradicts the plain language of the statute that has cited by numerous Circuit Courts.

Since the Court lacks jurisdiction over this matter, the plaintiff respectfully submits that it is not necessary to inform the Court whether it intends to consent to arbitration.

I thank the Court for its attention to this matter. Kindly inform us if the Court requires anything further.

Very truly yours,

/s/ *Gene W. Rosen*

Gene W. Rosen, Esq.